UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MARK KOUMENT, JR.,

                          Plaintiff,

     -v.-

BUY & SELL CARS, INC., and
MITCHELL TEITELBAUM,

                         Defendants.
-------------------------------------------------------------------------X

Case No. 20-CV-4353

**COMPLAINT**

      Plaintiff, Mark Koument, Jr., by and through his undersigned attorney, Arthur H. Forman, hereby filing this Complaint against defendants Buy & Sell Cars, Inc. (the, "Dealership"), and Mitchell Teitelbaum ("Teitelbaum" and together with the Corporation, the "Defendants") states as follows:

## NATURE OF THE ACTION

      1.     Plaintiff alleges that pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

      2.     Plaintiff further alleges that pursuant to New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid minimum wages (b) unpaid overtime compensation, (c) unpaid commissions and unlawful deductions from wages, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

      3.     This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal

question) and the FLSA, and supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. §1367 (a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of the events, or omissions giving rise to the claims, occurred in this district, the Defendants operate their business in this district, and further, Plaintiff was employed by the Defendants in this district.

## THE PARTIES

5. Plaintiff, Mark Koument, Jr. ("Koument") is an adult individual residing in Queens County, New York.

6. Upon information and belief, the Dealership is a domestic business corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located in the County of Queens, State of New York at 77-05 Queens Boulevard, Elmhurst, NY 11373.

7. Defendant Teitelbaum is an individual who is engaged (or who was engaged) in business in this judicial district during the relevant time period.

8. Defendant Teitelbaum is sued individually in his capacity as owner, officer and/or agent of the Dealership.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

9. At all relevant times, Defendants owned, operated, or controlled a used car dealership located at 77-05 Queens Boulevard, Elmhurst, New York 11373.

10. Defendant Teitelbaum possesses or possessed operational control over the Dealership, an ownership interest in the Dealership and/or controls or controlled significant functions of the Dealership.

11. At all times relevant herein, Defendant Teitelbaum possessed substantial control over working conditions at the Dealership, and over the policies and practices with respect to

the employment and compensation of Plaintiff.

12. Defendant Teitelbaum determines or determined the wages and compensation of the employees of the Dealership, including Plaintiff, and establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

13. At all relevant times, Defendant Teitelbaum was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

14. Defendants jointly employed Plaintiff and were joint employers within the meaning of 29 U.S.C. 201 *et seq*. and the New York Labor Law.

15. In each year from 2017 to present, the Dealership had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

16. In addition, at all times relevant, the Defendants and/or their enterprise were directly engaged in interstate commerce. For example, many of the used cars in their inventory were purchased from outside of the State of New York or sold to customers located outside of the State of New York. In addition, much of the gasoline, engine oil and replacement parts for the used cars in their inventory were manufactured outside of the State of New York.

17. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r-s).

*Plaintiff*

18. Plaintiff is a former employee of the Defendants who was employed as a sales representative from approximately 1998 until May 20, 2020. As a sales representative, his principal activity consisted of the sale of used cars to customers.

19. Plaintiff regularly handled goods in interstate commerce, such as used cars purchased from outside of the State of New York, and used cars sold to customers who resided outside of the State of New York.

20. Plaintiff's work duties required neither discretion nor independent judgment.

21. During the entire time Plaintiff worked for Defendants, Plaintiff was paid his wages mostly in cash, but sometimes Defendants paid Plaintiff partly in cash and partly by check.

22. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week. He typically worked six days per week, from 10:00am to 7:00pm and usually worked every other Sunday from 11:00am to 5:00pm. He often was asked to arrive 30 minutes to 60 minutes early and had to stay 30 minutes to 60 minutes late, an average of two extra hours per week, for a total average of sixty-two hours per week.

23. Throughout his employment with Defendants, Plaintiff was not permitted to leave the premises for meals and was only allowed fifteen or twenty minutes to eat, less if a customer came to the dealership.

24. Throughout his employment with Defendants, Plaintiff was paid a fixed weekly salary plus a weekly commission that varied according to the number of cars Plaintiff sold in that week.

25. From on or about August 2013, to approximately June 2018, Defendants paid Plaintiff $200.00 per week plus $150.00 for each car he sold that week, an average of $500.00 per week total.

26. From approximately June 1, 2018 until December 31, 2019, defendants paid Plaintiff $250.00 per week plus $160.00 for each car he sold that week, an average of $570.00 per week. However, during this period of time, Defendants would pay Plaintiff his weekly wages partly by check for one week of each month and would deduct $68.67 in withholding taxes from each such check. Defendants would then also require Plaintiff to pay them $68.67 in cash each time he was paid this monthly check. Defendants inexplicably claimed this cash payment from Plaintiff to Defendants was for taxes on the wages Plaintiff was paid in cash the other three

weeks of the month. However, no part of this cash amount Plaintiff was required to pay back to Defendants was ever paid to the government.

27. From on or about January 1, 2019, until May 20, 2020, Plaintiff's last day of work, Defendants continued to pay Plaintiff $250.00 per week plus $160.00 for each car he sold that week, an average of $570.00 per week, but Defendants no longer regularly paid Plaintiff partly by check for one week per month, and also no longer required Plaintiff to pay them $68.67 once per month.

28. Since at least 2013, defendants have arbitrarily taken deductions from the agreed upon commission rate paid to plaintiff. For example, for the week ending September 30, 2018, plaintiff sold four cars and should have been paid $160.00 for each sale. However, plaintiff was paid $100 for the 2010 BMW he sold on September 29, 2018. Plaintiff was told it was because the dealership had not made sufficient profit on the sale to pay him the full commission he had earned. Defendants arbitrarily deducted an average of $50.00 from plaintiff's commissions approximately every other week he worked.

29. Plaintiff sold an average of two cars every week he worked. Some weeks Plaintiff would sell more than two cars. But some weeks, Plaintiff would not sell any cars.

30. As a result of the many hours Plaintiff worked each week, and because for many of the weeks Plaintiff worked, he earned little or no commission, Defendants did not pay Plaintiff the minimum wage or overtime wages as required by the FLSA and NYLL.

31. Additionally, Defendants made deductions from Plaintiff's commissions that were not in accordance with the provisions of any rule, law or regulation, and that were not expressly authorized by Plaintiff or made for his benefit.

*Defendants' General Employment Practices*

32. As part of their regular business practices, the Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

33. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees, including Plaintiff, compensation by knowingly violating the FLSA and NYLL.

34. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

35. Defendants failed to post at the workplace, or otherwise provide to employees, required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

36. Defendants failed to provide Plaintiff with accurate wage statements at the time of his payment of wages, containing the overtime rate of pay; the actual number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

37. Defendants failed to provide Plaintiff at the time of hiring, and whenever his rate of pay changed, a statement containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or loading allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA

38. In violation of 29 U.S.C. §206(a), Defendants failed to pay Plaintiff at the applicable minimum hourly rate.

39. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255(a).

40. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

41. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

42. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Labor Law § 663.

43. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

44. Defendants, in violation of N.Y. Labor Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

45. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Labor Law § 663.

46. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF THE NEW YORK LABOR LAW

47. Defendants made unlawful deductions from the wages of Plaintiff.

48. The deductions Defendants made from the wages of the Plaintiff were not expressly authorized in writing by Plaintiff, and were not made for the benefit of Plaintiff.

49. From on or about June 1, 2018 until December 31, 2019 Plaintiff, in compliance with the demand of Defendants, paid to Defendants $68.67 in cash every month, a sum equal to the total of the withholding taxes that were taken from Plaintiff's monthly check.

50. By Defendants' knowingly or intentionally requiring Plaintiff to make unauthorized deductions from his wages, Defendants violated NYLL §193.

51. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### UNLAWFUL FAILURE TO PAY COMMISSIONS IN VIOLATION OF THE NEW YORK LABOR LAW

52. Defendants failed to pay Plaintiff commissions earned in accordance with the agreed upon terms of his employment.

53. Defendants arbitrarily lowered Plaintiff's commission claiming they had lost money on the sale or had not made a sufficient profit to pay Plaintiff his full, agreed commission.

54. By Defendants' knowing or intentional failure to pay Plaintiff earned commissions, Defendants willfully violated NYLL §191(1)(c).

55. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

56. Defendants failed to provide Plaintiff with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1).

57. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

58. With each payment of wages, Defendants failed to provide Plaintiff with a

statement listing each of the following: the overtime rate or rates of pay; the actual number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195 (3).

59.     As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

a.     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under the FLSA as to Plaintiff.

b.     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, and wages;

d.     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff.;

e.     Awarding Plaintiff damages for the amount of unpaid minimum wages under the FLSA.;

f.     Awarding liquidated damages for the amount equal to 100% of his damages for the amount of unpaid minimum wages under the FLSA pursuant to 29 U.S.C. §216(b).

g.     Declaring that Defendants' violated the minimum wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff.

h.     Declaring that Defendants' violated the overtime wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff.

i.     Declaring that Defendants made unlawful deductions from Plaintiffs wages and failed to pay Plaintiff his earned commissions in violation of the NYLL and New York State Department of Labor regulations.

j. Declaring that Defendants' violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, and wages;

k. Declaring that Defendants' violations of the New York Labor Law were willful;

l. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, unpaid commissions and unlawful deductions of wages, under the NYLL;

m. Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b,) and 198 (1-d);

n. Awarding Plaintiff liquidated damages for the amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, unpaid commissions and unlawful deductions shown to be owed pursuant to NYLL §§ 198(1-a) and 663;

o. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

p. Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

q. Providing that if any amounts remain unpaid upon the expiration of ninety days (90) following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

Dated: September 16, 2020
Forest Hills, New York

_____/S/_____
ARTHUR H. FORMAN
90-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616

*Attorney for Plaintiff*